HOOD, Judge.
Plaintiffs, Mrs. Willie Hudson Hornsby and Mr. Malcolm Hornsby, instituted this suit against the Department of Highways of the State of Louisiana to obtain payment for land taken by defendant for highway purposes and for damages occasioned by the taking. Inasmuch as the issues presented by the exceptions of unconstitutionality, no right or cause of action, res judi-cata, and prescription filed by the defendant are identical to those issues raised in Peart v. State of Louisiana, Through Department of Highways, 125 So.2d 673, we are of the opinion for the reasons assigned in that case that the trial judge’s decision on these issues should be affirmed in this proceeding.
Mrs.-Hornsby was awarded the sum of $2,000 as compensation for the land taken and damages. She has answered this appeal praying that this award be increased to $3,000. The record reveals that only 0.101 acre of her property was taken for the new highway and that none of her land was severed from the main tract as a result of this taking.
The experts called by plaintiffs were of the opinion that, as a result of the taking, the tract of land originally owned by Mrs. Hornsby was diminished in value in the amount of $3,000. One of the reasons assigned for this estimate was the fact that automobile lights would shine into plaintiffs’ windows at night. The trial judge held that the inconvenience caused by automobile lights shining into the residence does not afford a proper basis for the assessment of damages, and accordingly, that the amount of tire loss estimated by these experts was excessive. The trial judge obviously was of the opinion that the experts improperly considered this inconvenience in arriving at their conclusions as to the value of the property taken and damages. After reviewing the evidence, we conclude that there is no manifest error in the trial judge’s findings and that the award of $2,000 to Mrs. Hornsby was fair and adequate.
Mr. Hornsby, who has joined his wife as co-plaintiff in this suit, seeks an award for damages to a dairy owned by the community of acquets and gains existing between him and his wife. The damages claimed were allegedly caused by flooding, which resulted from improper drainage facilities along the new highway. The trial judge denied recovery to Mr. Hornsby since the evidence showed that even though his barn flooded periodically, Mr. Horsnby continued to store grain and supplies in the barn and that. he took no measures to minimize his loss. Furthermore, Mr. Hornsby admitted that the first flooding occurred when the new levee was built but before the relocated highway had *684 been constructed. The trial judge concluded that plaintiff had failed to establish by adequate proof that the damages alleged to have been sustained by Mr. Hornsby resulted from the construction of the new highway. We find no manifest error in the conclusions reached by that court, and accordingly, we conclude that the trial judge correctly denied recovery to Mr. Hornsby.
For the foregoing reasons and the additional reasons which we assigned in Peart v. State of Louisiana, Through Department of Highways, supra, the judgment rendered by the trial court in this proceeding is affirmed.
Affirmed.